SAFE-BUY REAL ESTATE AGENCY, INC.,
Plaintiff-Respondent,

v.

Morris D. HEMPHILL and Edna L. Hemphill, Defendant-Appellant.

No. 9417.

Missouri Court of Appeals, Springfield District.

Aug. 2, 1973.

**600**

Edison Kaderly, Lamar, for plaintiff-respondent.

Max H. Glover, Webb City, for defendant-appellant.

BILLINGS, Judge.

Suit to recover real estate commission and from a Jasper County jury verdict in favor of plaintiff for $10,000.00 the defendants, following an unsuccessful motion for new trial, have appealed. We affirm.

■ We initially observe that the appeal is from "the judgment overruling motion for new trial", and, again, call attention to the fact that the appeal should have been taken from the judgment entered on the jury's verdict [Rule 81.04, V.A.M.R.; § 512.050 RSMo 1969] and not from the order overruling the motion for new trial. World Franchisers, Inc. v. Birk, 456 S.W. 2d 606 (Mo.App.1970); Rickard v. Rickard, 428 S.W.2d 919 (Mo.App.1968). However, we will make the assumption that defendants' were in good faith attempting to appeal from the judgment and forego summary disposition of their appeal for this infraction.

■ We are next confronted with plaintiff's contention that the brief of defendants is defective and fails to comply with Rules of Civil Procedure because neither of the points assigned was preserved in defendants' motion for new trial and they are mere abstract statements of law.

Defendants' assailed points are as follows: "Plaintiff is bound by testimony offered in its own behalf if it stands uncontradicted by other testimony or by facts from which the jury might draw a contrary inference"; and, "For a real estate agent with a non-exclusive listing, to recover a commission, he must be the procuring cause of the sale by setting in motion a series of events which, without a break in the continuity, result in the sale."

■ There is merit in plaintiff's position. Rule 79.03 V.A.M.R. provides: "Allegations of error, in order to be preserved for appellate review, must be presented to

the trial court in a motion for a new trial . . . ." Rule 84.13(a) V.A.M.R. provides that "no allegations of error shall be considered in any civil appeal from a jury tried case except such as have been presented to or expressly decided by the trial court." The clear purpose of these rules is to give the trial judge an opportunity to correct error, without the delay, resultant expense and hardships of an appeal. Larson v. Alton & S. Ry. Co., 431 S.W.2d 687 (Mo.App.1968); Schneider v. Southwestern Bell Tel. Co., 413 S.W.2d 16 (Mo. App.1967). The motion for new trial filed by defendants does not contain the points here assigned.

■ Rule 84.04(d) V.A.M.R. states that the points relied on in appellate briefs "shall state briefly and concisely what actions or rulings of the court are sought to be reviewed *and* wherein *and* why they are claimed to be erroneous . . . ." (Emphasis added.) This rule also admonishes that setting out only abstract statements of law without showing how they are related to any action or ruling of the court does not constitute compliance with the rule. Groh v. Shelton, 428 S.W.2d 911 (Mo. App.1968); Browning v. City of Poplar Bluff, 370 S.W.2d 179 (Mo.App.1963). Here, defendants' points are abstract statements of law and no attempt is made to demonstrate how they are related to any action or ruling of the trial court.[1]

Plaintiff has not formally sought dismissal of defendants' appeal and although "[w]e have no duty to seine through the entire brief in an effort to ascertain the points" on which defendants rely [Groh v. Shelton, supra, 428 S.W.2d at 915], we are

reminded that "our primary duty is to litigants rather than to counsel who represent them." Ambrose v. M.F.A. Co-Operative Ass'n of St. Elizabeth, 266 S.W.2d 647, 650 (Mo. banc 1954) (concurring opinion). Further, that, despite noncompliance with the rules and deficiencies in briefs such as we have here, it has been in the past the policy to decide cases on the merits when reasonably possible. Wykle v. Colombo, 457 S.W.2d 695 (Mo.1970); Groh v. Shelton, supra. However, we caution that our benevolence in this case should not be misconstrued by those who do not deem it necessary or expedient to observe and follow the rules governing appeals. To paraphrase, we have hope and faith that our charity will not mislead or lull future appellants into a false sense of security. By reason of the additional jurisdiction of the Missouri Court of Appeals, brought about by the 1970 Amendment to the Missouri Constitution [Mo.Const. Art. 5, § 3, V.A. M.S.] and the subsequent decisions of our Supreme Court [Garrett v. State, 486 S.W. 2d 272 (Mo.1972); Parks v. State, 492 S.W. 2d 746 (Mo. banc 1973, No. 57,607)] the ever-increasing caseload makes it imperative that the Rules of Appellate Procedure be obeyed.[2]

Turning to the argument portion of defendants' brief it appears that defendants are contending in this appeal that the plaintiff failed to make a submissible case for the jury to consider and thus their motion for directed verdict at the close of the evidence (which was assigned as a ground in the motion for new trial) should have been sustained. This because, defendants say, there was an admission by plaintiff that plaintiff was not the procuring cause

---

1. From our reading of the transcript and defendants' brief further questions arise as to whether the brief contains a "fair" statement of the facts as required by Rule 84.04(c) and complies with Rule 84.04(h) concerning page references to the transcript in the argument. Apparently counsel for defendants ignored the comments of this court about a similar

deficient brief in Harbaugh v. Harbaugh, 472 S.W.2d 449 (Mo.App.1971). Caveat Viator.

2. Courts and CLE Bulletin, Vol. 8, No. 7 (July 1973), reports the dismissal of three appeals by the Court of Appeals, St. Louis District, for non-compliance with Rule 84.04.

of the sale of defendants' farm. To support this assertion the defendants have seized on one isolated portion of plaintiff's evidence and drawn an unwarranted inference therefrom, while ignoring the remaining evidence adduced by plaintiff—including the testimony of the purchaser of the farm.

■ This approach by defendants flies in the teeth of the rule of review we must follow in determining whether the plaintiff made a submissible case for the jury where the jury verdict was for the plaintiff. We are obliged to consider all of the evidence in the light most favorable to the plaintiff, including the benefit of all reasonable inferences, while excluding and disregarding all evidence and inferences adverse to plaintiff. Kinder v. Pursley, 488 S.W.2d 937 (Mo.App.1972); Smith v. Seven-Eleven, Inc., 430 S.W.2d 764 (Mo.App.1968).

■■ We have carefully reviewed the transcript and the documentary evidence, and examined the authorities cited by the parties, in light of the foregoing rule. It would serve no useful purpose to detail the facts giving rise to the controversy between the parties. A somewhat similar factual situation can be found in E. A. Strout Realty Agency, Inc. v. McKelvy, 424 S.W.2d 98 (Mo.App.1968), wherein this court held that whether a broker has been the procuring cause of a sale is ordinarily one of fact to be determined by the trier of the facts. This was the sole issue in the present case and from our review of the evidence it is our opinion that there was competent and substantial evidence to support the finding of the jury and judgment in plaintiff's favor. No error of law appears and a detailed opinion would have no precedential value.

The judgment is affirmed. Rule 84.-16(b).

TITUS, C. J., and STONE and HOGAN, JJ., concur.