Jack STEVENS, Plaintiff-Respondent,

v.

John RANEY, Defendant-Appellant.

No. KCD 27232.

Missouri Court of Appeals,
Kansas City District.

March 3, 1975.

R. E. Moulthrop, Bethany, for defendant-appellant.

Thomas J. Stephens, Jerold L. Drake, Stephens & Drake, Grant City, for plaintiff-respondent.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

TURNAGE, Judge.

This suit was brought by plaintiff against his employer on the theory the defendant supplied plaintiff with an unsafe trailer to use and failed to warn the plaintiff of such defect.

Plaintiff filed his suit asking for $52,356.15 for personal injuries and a jury returned a verdict in favor of the plaintiff in the amount of $2,791.00. Following an unsuccessful motion for a new trial, defendant appeals.

■ Defendant alleges on this appeal error on the part of the trial court in overruling his motion for a directed verdict at the close of all the evidence because the plaintiff failed to show by substantial evidence that defendant was guilty of any negligence. This requires a summation of the facts which plaintiff's evidence tended to show. In reciting plaintiff's evidence, it must be borne in mind this court must consider such evidence in the light most favorable to the plaintiff, together with the benefit of all reasonable inference therefrom, and disregard evidence and inferences adverse to the plaintiff. Safe-Buy Real Estate Agency v. Hemphill, 498 S.W. 2d 599 (Mo.App.1973); Vaeth v. Gegg, 486 S.W.2d 625 (Mo.1972).

On February 12, 1966, plaintiff was driving a Farmall tractor pulling a two-wheel trailer loaded with one-hundred bales of hay, weighing between sixty-five and seventy pounds each. Plaintiff was proceeding in a westerly direction on State Highway KK in Harrison County, Missouri. Plaintiff stated he was proceeding in fifth gear, which meant he was traveling at a maximum of 18 m.p.h. Plaintiff stated there had been some frost on the highway early in the morning but by the time of the accident most of this had disappeared. Plaintiff stated in response to a question from his counsel as to how the accident occurred, "well, that trailer got to weaving and just throwed me off". Plaintiff said the next thing he knew, he woke up in the hospital.

On cross examination plaintiff admitted he had signed a statement shortly after the accident. In it the plaintiff said he was traveling on the blacktop road and there were two ladies in a car behind him and he was waving for them to come on around so they could pass him before they came to a bridge. He stated the road shoulders were soft and he had pulled over toward the shoulder so the car could get around. He thought perhaps the trailer wheels were wider than the tractor wheels and the next thing he knew, he woke up in the hospital.

Plaintiff's evidence also showed the trailer was not owned by the defendant but was used by many people in the neighborhood. The trailer was seven by fourteen feet with two pneumatic tires. The wheels were located about three and one-half feet from the rear.

Plaintiff's evidence showed that prior to the accident the trailer frame, or sill, on the right side had a broken place about three feet from the rear which had been capped or "scabbed" by a two by six being nailed to it. Plaintiff's evidence did not show the condition of the trailer after the accident, except the plaintiff testified he had seen the trailer about a year later and as far as he could tell the trailer was in the same condition at that time as it was at the time of the accident. Plaintiff's other reference concerning the condition of the trailer after the accident concerned its condition at about trial time when the trailer

had been obviously abandoned and its condition could be favorably compared to an ort.

Plaintiff's only other evidence was testimony by Dr. Paul Temple, a physics teacher at Northwest Missouri State University in Maryville. Dr. Temple was asked the following hypothetical question:

"Assume, Doctor, that there are one hundred bales, that weigh approximately seventy pounds per bale, all piled one way, on a two-wheel trailer with rubber pneumatic tires. Assume that the trailer is pulled behind a tractor, that there are no defects in the tractor, that the trailer and tractor are traveling on a blacktop road over clods in the road—Assume further that the bed of the trailer was seven by fourteen, that there were two 4 by 6 sills or beams supporting the trailer, assume that the wheels were four and a half feet from the rear of the trailer, assume that there was a pre-existing defect in the trailer—in which the beam was cracked, one of the supporting beams was cracked, and that a two by six piece was nailed or scabbed on. Assume that the plaintiff is driving the tractor down the road pulling the trailer and the trailer begins to weave and then the tractor overturns. Assume further —that the driver of the tractor testified as follows: 'I suppose we had around a hundred bales on the trailer. I was traveling a state blacktop surface. I remember that there were two ladies in a car behind me. I was waving for them to come around so they could get around before I got to the bridge that I was approaching. The road shoulder was soft. The next think I knew I woke up in the hospital. I had pulled over toward the road shoulder so that the car could get around. I think maybe the hay trailer wheels may have been wider than the trailer—tractor wheels. I was traveling the tractor in fifth gear. I had driven this tractor before the accident. I was

born and raised on a farm so I am familiar with operating a tractor. There was nothing mechanical wrong with the tractor before the accident'.

"Based upon those facts, do you have an opinion as to what caused the accident?"

On objection, the court ordered the reference to clods stricken and the witness was then permitted to answer the question without reference to clods. The witness answered:

"It is in evidence that he was approaching the side and the bed on the trailer has been stated to be seven feet, which means the wheels must be at least eight feet apart. It's possible that he did drop the wheel on the side. That's a possibility. And that would cause also quite a strain, if it fell off the side, that would cause quite a strain in the beam. And if the beam was weakened, then the stresses could very well have exceeded the breaking point.

"For instance, it's been mentioned here that it was possibly patched up with a two by six and even though a two by six is half as wide as a four by six—the conclusion is that a four by six is four times stronger than a two by six. I would expect a two by six to break much more easily, four times easily—four times more easily than a four by six. A two by six could have broken but a four by six wouldn't have. A good four by six would not have broken in falling off the edge of the road."

While not binding on the plaintiff, defendant's evidence was that defendant was preceding the plaintiff down the highway in his truck when some people drew alongside and hold him a tractor had overturned. Defendant retraced his path and found the tractor the plaintiff was operating overturned in a shallow ditch with the plaintiff pinned underneath. The trailer

was standing upright on the shoulder with the hay load intact. Defendant summoned aid and plaintiff was taken to the hospital where he was found to have suffered rather severe and permanent injury.

In considering defendant's contention made on this appeal, there are certain well formulated rules which must be followed. One is that causation may be proven by circumstantial evidence so long as the necessary inferences therefrom are reasonable and the conclusion reached is not the result of speculation, guesswork or conjecture. Pollard v. General Elevator Engineering Company, 416 S.W.2d 90 (Mo.1967). It is sufficient if the facts proved are of such a nature and are so connected and related to each other that the existence of the causal connections may be fairly inferred. Shelton v. Bruner, 449 S.W.2d 673 (Mo.App.1969). Also plaintiff's evidence need not exclude all causes for which the defendant would not be liable. Zacher v. Missouri Real Estate and Insurance Agency, Inc., 393 S.W.2d 446 (Mo.1965).

Bringing these principles to bear on the facts in this case the defendant argues the plaintiff's evidence wholly fails to show any causal connection between the defect in the sill of the trailer bed and the accident. Plaintiff, to the contrary, insists there was ample evidence from which it would be permissible for the jury to infer a causal connection. Plaintiff primarily relies upon Williams v. Ford Motor Company, 411 S.W.2d 443 (Mo.App.1966). In that case, plaintiff was driving a new automobile which had just recently been delivered to her from the dealer after a faulty steering mechanism had supposedly been repaired. While operating the automobile, plaintiff turned the steering wheel to make a turn but the steering mechanism refused to turn back so that plaintiff could straighten the car and she struck a tree. The court there stated the jury could logically conclude there was a defect in the

steering mechanism and that such defect caused plaintiff to strike the tree.

Plaintiff does not point to any equally well recognized inferences which would show that a crack in the sill of the trailer would cause the tractor pulling it and the trailer to leave the highway and cause the tractor to overturn leaving the trailer upright. Nor does plaintiff point to any inference which is recognized to show the crack in the sill would, in and of itself, cause the trailer to start weaving.

Plaintiff also states a trailer does not normally weave and cause a tractor to overturn. While this may be true, there is still a failure to show how the crack in the sill would cause the trailer to start weaving.

Plaintiff further argues that he has eliminated all other reasonable possibilities as to the cause of the accident so the crack in the sill must have been the cause. He states there are no defects in the tractor and plaintiff was not traveling at a high rate of speed.

The obvious area of probabilities bringing about this unfortunate accident would be other actions on the part of the plaintiff in the operation of the tractor. From the plaintiff's statement it is apparent he looked to his rear to wave a car around him, and admits in so doing it was very possible he dropped the rear wheel of the trailer off the paved portion onto the shoulder. It is certainly a reasonable possibility that this was the cause of the accident.

It will be noted from the testimony of Dr. Temple that he was assuming the trailer bed had broken immediately prior to the accident. This is implicit in his answer in which he stated "and if the beam was weakened, then the stress could very well have exceeded the breaking point" and "a two by six could have broken but a four by six wouldn't have. A good four by six

would not have broken falling off the edge of the road".

This answer did not aid the plaintiff in making a case because of the failure to prove the trailer was broken at the point where it had been "scabbed" prior to the accident, or at any other place, after the accident. On this point, plaintiff's evidence was silent except that for about a year later the trailer appeared to be in the same condition as it was after the accident and at that time it was still being used.

Plaintiff assumed the burden of showing a causal connection between the submitted negligence, i. e., the cracked sill, and the injury sustained. However, a careful review of the evidence forces this court to conclude the evidence left the element of causal connection in the nebulous twilight of speculation, conjecture and surmise. Shelton v. Bruner, *supra*. The test of causal connection is whether the facts show that in the absence of the negligence charged the injury would not have been sustained and when the evidence connecting the injury with the alleged negligence amounts to mere speculation and conjecture, the court must not allow the case to be submitted to the jury. Gottman v. Norris Construction Company, 515 S.W.2d 861 (Mo.App.1974).

There is no direct evidence or permissible inference to indicate the crack or break in the sill existing prior to the accident caused the accident and this court could not truthfully say there was sufficient evidence from which a jury could find that absent the crack or break in the sill prior to the accident the accident would not have occurred. Absent substantial evidence showing the crack or break in the sill caused the accident, plaintiff did not make a submissible case. The judgment is reversed.

All concur.