**STATE of Missouri, Respondent,**

v.

**Gregory THOMPSON, Appellant.**

No. 27985.

Missouri Court of Appeals,
Kansas City District.

July 6, 1976.

Motion for Rehearing and/or Transfer
Denied Aug. 2, 1976.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Charles L. Howard, Asst. Atty., Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from conviction by a jury of robbery, first degree. Appellant contends the purpose of discovery rules was frustrated by prosecutorial actions as to require a new trial. Affirmed.

Appellant does not question the sufficiency of evidence to sustain the conviction. The record contains evidence to show that on July 10, 1974, Gregory Thompson and others entered The Bird Lamp Company, 211 Westport Road, Kansas City, Jackson County, Missouri, assaulted Harry G. Ware and others with a handgun, and took some $1,614.00 in money and personal property from Mr. Ware's custody.

Appellant's only point on appeal is that the court erred in overruling defendant's motions for mistrial "as the prosecution had failed to comply with the Missouri Rules of Criminal Discovery."

Appellant's position contains at least four difficulties.

First, Supreme Court Rule 84.04(d) requires that the "points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous * * *." Appellant's point does not meet this requirement. *Safe-Buy Real Estate Agency, Inc. v. Hemphill,* 498 S.W.2d 599 (Mo.App.1973).

Second, Supreme Court Rule 78.07 requires that "In jury tried cases, * * * allegations of error to be preserved for appellate review must be included in a motion

for a new trial * * *. Where definite objections or requests were made during the trial in accordance with Rule 78.09, * * * a general statement in the motion of any allegations of error based thereon is sufficient." The only allegation in defendant's motion for new trial relating to discovery is that the court erred "in permitting the use by the State of witnesses whose oral statements had been reported or summarized in written memoranda, which existed at and prior to trial, as the State had refused permission to defendant to copy said written memoranda in violation of Supreme Court Rules 25.32 and 25.36, and such refusal severely handicapped defendant in preparation of the defense and was highly prejudicial to the defendant." Comparison of the point on appeal and the allegation in the new trial motion demonstrates that they are not the same and that the allegation in the new trial motion does not preserve the point for review. *Safe-Buy v. Hemphill,* supra.

Third, while the record shows that defendant moved for mistrial during the testimony of Officers Funke, Hamilton, Goade, Jenkins, and Barnes, and Nina Furst and Pete Muchisko, employees of The Bird Lamp Company, there is nothing in the record to show that "the State had refused permission to defendant to copy said written memoranda," i. e., witnesses' oral statements which had been reported or summarized in written memoranda. To the contrary, the record shows that the State, in response to defendant's request for discovery, filed July 24, 1974, made its file, including police reports and witnesses' statements, available to defendant August 16, 1974. See Supreme Court Rule 25.36 which provides that "unless otherwise ordered by the court, disclosure under Rules 25.32 through 25.35 shall be: * * * [b]y the party making disclosure notifying opposing counsel that the material and information to be disclosed may be inspected, obtained, tested, copied or photographed at a specified time and place and whether suitable facilities are available."

Fourth, defendant did not go to trial until March 11, 1975, seven months after the State's file was made available to him, during which time he raised no issue of failure of the State to accord discovery and made no further effort to secure and exercise his right to disclosure under Rule 25.36. Neither did he seek further disclosure by the State by court order under Rule 25.33, nor the imposition of any sanctions by the court under Rule 25.45. Under such circumstances, it may not be said that the court abused its discretion in refusing to grant the drastic remedy of declaring a mistrial.[1] *Kansas City v. LaRose,* 524 S.W.2d 112 (Mo. banc 1975). Cf. *State v. Buckner,* 526 S.W.2d 387 (Mo.App.1975), where, although the State made its file available to defendant by agreement and gave defendant a copy of an unsigned statement of a witness, the State's refusal to disclose a written signed statement of the same witness at the trial for purposes of impeachment was ground for new trial.

Judgment affirmed.

All concur.

---

1. The State's compliance with defendant's request for disclosure was further shown when, during trial, the State gave defendant a copy of a statement made to the police by witness Furst when her cross-examination varied from such earlier statement; by giving defendant a report received by the State from Officer Goade for the first time on the second day of trial; and by giving defendant a report prepared by Officer Jenkins "which was in the file at the time you had the file for your review."