**STATE of Missouri,
Plaintiff-Respondent,**

v.

**James R. GADBURY,
Defendant-Appellant.**

**No. 37806.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Oct. 4, 1977.

Motion for Rehearing and/or Transfer
Denied Nov. 14, 1977.

J. Martin Hadican, Clayton, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Presiding Judge.

Defendant James Gadbury appeals from a judgment in the circuit court of St. Louis City. The jury found defendant guilty of kidnapping and the court sentenced him to ten years imprisonment. For the reasons discussed below, we affirm the judgment of the trial court.

From the evidence a jury could reasonably find that on March 18, 1974, defendant called a cab. When the cab arrived, defendant entered the cab, placed a broken bottle to the throat of the driver, Timothy Ervin Jones, and forced him to drive to Waterloo, Illinois. After the car stopped, defendant took the driver's wallet and money. When they were both outside the car, defendant placed the broken bottle on top of the car and attempted to tie Jones' hands. A fight ensued and when a car approached, defendant fled.

Jones reported the incident to the law enforcement authorities of Monroe County, Illinois. On February 7, 1975, Jones picked up defendant at a tavern, and recognized him as the person who had robbed him on March 18, 1974. Thereafter, Jones flagged down another cab and asked him to call the police. At trial, Jones identified defendant, and the jury found defendant guilty of kidnapping.

Defendant's sole argument for reversal is that the trial court erred in overruling defendant's motion for a new trial and in sustaining the objection of the state to the effort of defendant to elicit from Jones whether a police complaint report made by the Monroe County, Illinois, sheriff's department contained a description made by Jones of the fare. Initially we note that the trial court *overruled* the state's objection to defendant's cross-examination of Jones. The substance of defendant's point, however, is that the state failed to supply him with a copy of the complaint report of the Monroe County, Illinois, sheriff's department and that this failure to comply with a pretrial discovery request, Rule 25.-32(A)(1) V.A.M.R., has unfairly prejudiced defendant. Defendant argues that this failure prevented him from thoroughly cross-examining Jones and thereby deprived him of his constitutional rights.

First, defendant did not object at trial to the alleged failure of the state to comply with defendant's discovery request. Allegations of error and a motion for a new trial must be based upon objections made at trial, *e. g., State v. Jones,* 515 S.W.2d 504 (Mo.1974). In fact, the point objected to by the state, and overruled by the trial court, concerned the appropriate manner in which defense counsel could impeach the witness rather than failure of discovery. Therefore, defendant's point of error was not properly preserved for review.

In addition, although defendant requested discovery pursuant to Rule 25.32(A)(1), V.A.M.R., the record does not indicate whether there was a pretrial discovery motion. There is no evidence in the record to

indicate that defendant raised the issue of the failure of the state to accord discovery, made any additional effort to secure and exercise his right to disclosure, or sought further disclosure by court order or the imposition of appropriate sanctions of the court. Rules 25.33, 25.36, 25.45, V.A.M.R.; cf. *State v. Thompson,* 539 S.W.2d 647 (Mo. App.1976) (No abuse of discretion under circumstances to deny motion for mistrial on basis of state's alleged failure to accord discovery). In contrast, the supreme court in *State v. Harrington,* 534 S.W.2d 44 (Mo. banc 1976), held a trial fundamentally unfair because the state failed to produce before trial the substance of oral statements made by defendant to an FBI agent despite a pretrial motion and repeated requests by defense counsel. *Id.* at 48.

Furthermore, defendant argues in his brief that he was prejudiced by the failure of the state to disclose the Monroe County report because the report could have been used as an effective tool for impeaching the credibility of the state's only witness, Jones. The description contained in the report was very general: "White male, about 35 years old." Jones testified that he gave the Monroe County authorities a more detailed description which included build, height, weight, hair color and facial features. Defense counsel was, however, allowed to thoroughly cross-examine Jones and illustrate the differences between the two descriptions, apparently by using the St. Louis police report.

█ Second, the record does not indicate that the state in fact failed to afford discovery. It must be remembered that the nondisclosure report was that of the Monroe County, Illinois, sheriff's department. The record does not indicate that the report was ever in the possession or control of the state and therefore subject to "full and free discovery" as required by Rule 25.32, V.A. M.R. Defendant states that after trial he received a copy of the report from the assistant circuit attorney. This does not establish that the report was actually in the possession of the state before or during trial. Discovery is also often accomplished by allowing defense counsel complete access to the state's file. Rule 25.36, V.A.M.R. If defense counsel was given access to the file and the report was in the possession of the state, then defense counsel would be in no position to complain. It is, however, impossible to determine from the record whether this was done in this case.

Defendant cites *State v. Buckner,* 526 S.W.2d 387 (Mo.App.1975) as the applicable law. In that case, which was tried before the adoption of Rule 25.32 but under a court order requiring compliance, defendant had filed a request for disclosure and the state had furnished him with the unsigned written statement of the state's only witness. At trial the witness testified that he gave the police a signed written statement. Defendant's motion for a mistrial on the ground that the state had not disclosed the signed statement was denied. The court of appeals reversed and granted a new trial. *Id.* at 393. This case is distinguishable from *Buckner.* In *Buckner,* supra, the state argued that only the substance of a witness' signed statement, not the statement itself, was subject to discovery. The trial court properly ruled that "*written statement* within the applicable rule of discovery [25.-32(A)(1)] means 'one that is signed by [the witness] or one which is not signed by [the witness] but written by him' . . ." *id.* at 391, but failed to insist on compliance when the state continued to resist discovery. The point at issue was the failure of the state to furnish a copy of the signed written statement. There was no contention, as there is in this case, that the written statement was not within the control or possession of the state.

The judgment is affirmed.

STEWART and REINHARD, JJ., concur.