STATE of Missouri, Plaintiff-Respondent,

v.

Eugene Elmwood BROYLES, Defendant-Appellant.

No. KCD 29072.

Missouri Court of Appeals, Kansas City District.

Dec. 5, 1977.

Donald L. Clough, Springfield, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Neil MacFarlane, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before TURNAGE, P. J., and WASSERSTROM and SOMERVILLE, JJ.

TURNAGE, Presiding Judge.

Eugene Broyles waived a jury trial and was found guilty of murder in the second degree and sentenced to ten years imprisonment by the court.

On this appeal Broyles contends the court erred in failing to grant him a continuance because of the failure of the State to make disclosure pursuant to his request. Affirmed.

Broyles does not challenge the sufficiency of the evidence to support his conviction. The evidence presented by the State showed Broyles was in the G & G Bar in St. James, Missouri. At the request of the owner of the bar, one Bratcher, who was a large man, twisted Broyles' arm behind his back and escorted him from the bar. Broyles immediately went to his car, which was parked within a few feet of the door, obtained a .22 caliber rifle and returned. He opened the door of the bar and fired one shot which struck Bratcher in the chest. Bratcher died almost immediately. Most of the State's witnesses stated Broyles fired on Bratcher while the two were separated by a few feet. Other witnesses stated Bratcher grabbed the barrel of the gun before it was fired.

Broyles testified in his own defense. He agreed Bratcher had forced him from the bar, but contended that occurred in the morning and he did not return until late afternoon. He stated he returned to the bar to pawn his rifle with the owner. He thought the gun was unloaded because his friend who accompanied him had placed shells on the car seat. He stated as he entered the bar, Bratcher grabbed the barrel and the two engaged in a tugging match over the rifle during which the gun discharged accidentally.

On this appeal, Boyles contends the court erred in refusing to grant a continuance because the State failed to comply with his disclosure motion. Broyles contends the State failed to give him a copy of the coroner's report, a copy of a report of a physician who examined Bratcher's body, and failed to make available the clothing worn by Bratcher. Broyles also contends the State failed to deliver a tape recording of a statement made by him to the sheriff and police chief. Broyles finally contends the State failed to give him the address of the lady who owned the bar and her husband.

█ The granting of a continuance is one of the sanctions permitted to be made under Rule 25.45 on the failure of a party to comply with a discovery rule. The imposition of a particular sanction is within the trial court's discretion. *State v. Moten,* 542 S.W.2d 317, 320[2] (Mo.App.1976). "Basically, the question is whether or not the failure to produce as required by the rules results in fundamental unfairness to the defendant. *State v. Buckner,* 526 S.W.2d 387 (Mo.App.1975)." *State v. Moten, supra.*

█ Thus, the question presented is whether or not the failure of the State to make disclosure resulted in Broyles' trial being fundamentally unfair.

Turning first to the coroner's and physician's reports, the record reveals both of

these persons testified at Broyles' preliminary hearing. Broyles' counsel participated in the preliminary hearing and a transcript of this hearing was furnished to counsel. The reports were apparently misplaced so they were unavailable to be delivered to counsel. However, the prosecutor did make his entire file available to counsel well in advance of trial.

The coroner stated he made a short report which simply indicated Bratcher died as result of gunshot wounds. No discrepancy between his testimony at the preliminary hearing and at trial was shown. The physician testified he did not make a formal report, but simply advised the coroner by letter that he had examined the body and determined death was caused by a gunshot wound to the chest.

There is no contention either the coroner or the physician testified to any fact at the trial which came as a surprise to Broyles or that any evidence was withheld from Broyles by the failure to produce the two documents. While it would have been preferable for the documents to have been available and copies delivered to Broyles, there is no showing that any information whatever was contained in the two documents which was not fully developed at the preliminary hearing. Thus, for at least eight months prior to the trial, counsel was fully aware of the facts about which the coroner and physician testified. Moreover, during that time no complaint was made to the court concerning the failure to produce these documents. This failure to object or request action by the court for a long period of time does not suggest an abuse of discretion by the court when sanction was finally requested. *State v. Thompson,* 539 S.W.2d 647, 649[4] (Mo.App.1976).

Broyles does not claim any suppression of evidence or any surprise. He simply makes the conclusionary statement that he was deprived of a fair trial because of the failure to deliver these two reports. There is no substance to this claim of error.

Broyles next contends the State failed to deliver the clothing worn by Bratcher so that Broyles would have this available to introduce in evidence. Broyles contends the clothing would have revealed powder burns which would support his alternate defense of accidental firing to show the gun was in close proximity to Bratcher at the time it was fired. There is no basis to find the State suppressed the clothing as evidence or failed to disclose because the record shows the clothing was removed at the mortuary and destroyed there without the knowledge or consent of police officials. However, the police chief did testify that Bratcher's shirt did bear a powder burn.

What has been said with respect to the previous claim of error applies to this claim. The State did not suppress any evidence and whatever evidence Broyles sought to elicit from the clothing was, in fact, presented through the testimony of the police chief.

Broyles next contends the State failed to deliver a tape recording which contained Broyles' oral statement made the day following the murder to the police chief and sheriff. The record shows Broyles' counsel told the court in his motion for a continuance that a transcript of this oral statement had been delivered to him. The sheriff stated the tape containing the statement had been erased.

The sheriff and police chief both testified at the preliminary hearing. Both stated the substance of the statements made by Broyles in which he recounted the struggle over the gun. Again, no discrepancy was shown between their testimony at the preliminary hearing and the trial. Likewise, neither testified to any fact or statement which was not contained in the transcript furnished Broyles. Again, it may be said that ideally the tape should have been made available to Broyles, but Broyles has failed to demonstrate any suppression of evidence and has failed to demonstrate how his trial was made fundamentally unfair by the failure to deliver the tape itself.

■ The purpose to be served by the disclosure of statements made by a defendant is to allow him to properly prepare for trial and especially for cross-examination.

*State v. Hindman,* 543 S.W.2d 278, 285[18] (Mo.App.1976). Here the full purpose was accomplished when a transcript of the tape was given counsel. No contention is raised as to the accuracy of that transcript. This, coupled with the transcript of the testimony of the two officers together with their cross-examination at the preliminary hearing allowed Broyles' counsel to fully prepare for trial and for his cross-examination of the officers.

■ Broyles finally contends the State failed to make disclosure by withholding the address of the lady who owned the bar and her husband. The record shows the police chief stated he had just obtained their address in Arkansas on the Saturday before the trial. However, neither the bar owner nor her husband were called as witnesses for the State. Furthermore, the request made by Broyles sought only the names and last known addresses of those persons the State intended to call as witnesses.

While the bar owner did testify at the preliminary hearing, her testimony was not introduced in the trial. No suppression of evidence is shown by the State and no reason is advanced by Broyles as to why the State was required to give him the address of persons who were not called as witnesses.

The judgment is affirmed.

All concur.