**STATE of Missouri, Respondent,**

v.

**Michael Edward FELTON, Appellant.**

**No. 38206.**

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 23, 1979.

Motions for Rehearing and/or Transfer to Supreme Court Denied March 16, 1979.

Application to Transfer Denied May 17, 1979.

Richardson & Carnasiotis, Scott Richardson, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Gordon L. Ankney, Asst. Pros. Atty., Clayton, for respondent.

CLEMENS, Judge.

A jury found defendant Michael Felton guilty of robbery and rape. As a prior felon, defendant was sentenced by the court to imprisonment for concurrent terms of ten and twenty-five years. On appeal, defendant first contends the court erred in admitting his photograph into evidence because it was not disclosed before trial. Defendant also contends the court coerced the jury during prolonged deliberations.

We consider defendant's objection to the identifying photograph in the light of the state's evidence: Defendant burglariously entered the victim's home, raped her and stole money orders. A bystander saw defendant approaching the home and the victim viewed him when raped. Both witnesses identified defendant from a photographic display, a police lineup and in court. Later, on the day of the offenses, an unidentified man using defendant's driver's license, cashed a stolen money order while buying shoes. The defense was alibi.

As said, defendant complains of the undisclosed use of an identification card bearing his photograph that came in during his evidence. On direct examination the victim had described defendant's clothing, one item being an off-white, short-brimmed hat. The challenged photograph first came into question during the state's cross examination of a defense witness, a police officer who testified defendant carried the photograph when arrested. It was so identified but not then offered. Next, on cross examination defendant said he never wore hats, but the photograph did show him wearing a light-colored, short-brimmed hat, just as the victim had testified. Defendant objected to the photograph on the ground it had not been disclosed in response to his purported request for discovery.

We find no error in the trial court's having admitted the photograph over the objection of non-disclosure. First, defendant's transcript contains no requests for disclosure, so we decline to speculate on the alleged non-disclosure. There is no adequate basis for considering defendant's appellate contention. State v. Simpson, 529 S.W.2d 19[1, 2] (Mo.App.1975). Second, from counsels' colloquy the trial court could have concluded that before trial the state did make available to defendant all of his personal effects, which included the challenged photograph. We find no wrongful non-disclosure. Compare State v. Gadbury, 558 S.W.2d 426[3] (Mo.App.1977). In sum, the trial court's ruling, a discretionary one, was not fundamentally unfair to defendant.

See *State v. Broyles*, 559 S.W.2d 614[2] (Mo. App.1977).

By defendant's second point he contends the trial court should have declared a mistrial because it had coerced the jury into reaching its verdict. The jury deliberated for eleven hours. The trial had lasted four days, sixteen witnesses had testified and some had been recalled. The transcript contains almost 400 pages of testimony.

After deliberating for six hours the jury sent out a note saying it was deadlocked. The court brought the jury in and learned that numerically they stood nine-to-three. The court then read MAI–CR 1.10, the so-called "hammer instruction." Three hours later, upon the court's inquiry, the jury reported that numerically they stood eleven-to-one. The jury was returned for further deliberations and an hour later brought in the guilty verdict.

Defendant points to the reasoning of other courts in condemning the so-called hammer instruction, but concedes its approval in Missouri. He also concedes that its effect here, standing alone, is remote since the verdict came in more than four hours later. The court's inquiries of the jury as to its progress toward reaching a verdict were responsive to defense counsel's repeated motions for a mistrial on the asserted ground the jury was incapable of reaching a verdict. The court's inquiries were responsive to this, and were made with no sign of favoritism or impatience. Considering the record as a whole, we find no basis for the defendant's contention the trial court abused its discretion by coercing the jury's verdict.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.