**STATE of Missouri,
Plaintiff-Respondent,**

v.

**John D. DAVIS, Defendant-Appellant.**

**No. 11035.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 4, 1979.

John D. Ashcroft, Atty. Gen., Marjorie Wholey Haines, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

John A. Watkins, Greenfield, for defendant-appellant.

PER CURIAM:

Defendant was jury-convicted of uttering, with intent to defraud, an insufficient funds check of over $100, i. e., $3,141.50. § 561.460.[1] The jury fixed punishment at "2 years in Dept of Correction" and the verdict contained a recommendation that "Sentence to be suspended on condition Defendant makes full restitution." After overruling defendant's motion for a new trial and affording allocution, the court sentenced defendant in accordance with the verdict but placed him on "parole under the supervision of the State Department of Probation and Parole on condition that he make full restitution." Defendant was also "placed on probation for a period of four years." Defendant appealed.

The order of the sections of defendant's brief filed herein is: (1) Jurisdictional Statement, (2) Points & Authorities, (3) Statement of Facts, (4) Argument and (5) Conclusion. Not only has the order of the sections been made in disregard of Rule 84.04(a), but the second section has been misbranded—it should have been "Points Relied On". Also, the statement of facts, consisting of a single, double-spaced typewritten 8½″ × 11″ page, does not, in violation of Rule 84.04(c), present "a fair and concise statement of the facts relevant to the questions presented for determination without argument".

█ To compound the above noted violations, defendant's first two points recite: "I. The court erred in overruling defendant's motion to dismiss at close of opening statement by the state for the reasons that: A. The information failed to comply with Rule 24.01(a) in that it cited no statutory proscription or name of offense. B. The prosecuting attorney had failed in [his] opening statement to state a case in that no mention was made of the element of intent. 2. The court erred in permitting the jury, before making a finding of guilt, to consider suspension of sentence and to reach a verdict imposing a suspended sentence upon restitution, thereby converting a criminal prosecution into a civil action for money." The fatal flaccidity with the foregoing points relied on is that neither point was presented to the trial court in defendant's motion for a new trial. When such omissions occur, the points will not be considered when proffered for the first time on appeal. *State v. Fingers,* 564 S.W.2d 579, 584[12] (Mo.App.1978); *State v. Major,* 564 S.W.2d 79, 82[9] (Mo.App.1978); *State v. Hamell,* 561 S.W.2d 357, 361[11] (Mo.App.1977).

█ Defendant's third point relied on states: "The court erred in admitting into evidence a check, Exhibit 1, which had not been disclosed to defendant's counsel although defendant's counsel had requested disclosure of any such documents." This point has no merit and is hypertechnical because Exhibit 1 was the basis of the criminal charge against defendant and was the check which defendant admittedly wrote and delivered in making the purchase in question. Furthermore, when the exhibit was offered at trial, it was shown that it had been an exhibit at defendant's prelimi-

1. References to statutes and rules are to RSMo 1969, V.A.M.S., and Missouri Supreme Court Rules, V.A.M.R.

nary hearing. The imposition of sanctions for failure to comply with discovery rules is within the trial court's discretion. As it was defendant who created the exhibit and knew of it since its birth, and as the check-exhibit was the basis of the charge on trial, it cannot be said that the trial court erred by admitting it into evidence. *State v. Broyles,* 559 S.W.2d 614, 615[1] (Mo.App. 1977).

Defendant's fourth and final point states: "There was insufficient evidence to sustain a conviction in that there was no evidence of intent to defraud." Wherein and why there allegedly was no evidence of intent to defraud cannot be ascertained without reference to the argument portion of defendant's brief. This is something we are not required to do in order to come by the meaning of an abstraction presented in a brief. *State v. McClain,* 541 S.W.2d 351, 354[6, 7] (Mo.App.1976); Rule 84.04(d). But albeit the point, as written, preserves nothing for appellate review, it suffices to observe that on December 22, 1976, the date the $3,141.50 check in question was written and delivered by defendant, his bank balance was $14.12 and that during the month of December 1976, nine checks written by defendant had been returned for insufficient funds. "Ordinarily, where a check is drawn on a bank in which the drawer does not have on deposit sufficient funds from which the check can be paid, the mere fact of making the check with knowledge of the insufficiency of the account would be sufficient evidence of fraudulent intent to send the case to the jury." *State v. Brookshire,* 329 S.W.2d 252, 256[6] (Mo.App.1959).

Judgment affirmed.

All concur, except PREWITT, J., not participating because not a member of the court when cause was submitted.