**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Randy Lee SINCLAIR,
Defendant–Appellant.**

**No. 11758.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 26, 1980.

John Ashcroft, Atty. Gen., Jan Bond, Asst. Atty. Gen., Jefferson City, for plaintiff–respondent.

Lawrence A. Smith, Springfield, for defendant–appellant.

BILLINGS, Presiding Judge.

Defendant Randy Lee Sinclair was convicted of escape from confinement in violation of § 575.210, V.A.M.S., and he was found by the court to be a persistent offender and sentenced under § 558.016, V.A.M.S., to a ten–year prison term. His only point in this appeal contends the trial court should have granted his request for a *mistrial* during the voir dire examination of the jury panel because of an alleged prejudicial response by a member of the panel. We affirm.

The facts giving rise to the escape charge are simple and were not questioned at trial. Defendant was in custody of the Greene County Sheriff's Department on charges of first degree assault and armed criminal action. He was being brought to the courtroom for arraignment on those two charges when he ran from the deputy who was accompanying him. A short time later, defendant was found hiding beneath a nearby building by Detective Whitlow and another officer and apprehended.

During voir dire of the jury panel the assistant prosecuting attorney was making inquiry of the panel members if any of them knew the various witnesses that the State planned to call. Reverend Jeffries said he knew Detective Whitlow and that he "might have a preconceived opinion as to [Whitlow's] truthfulness" and "believe what he says." Defendant's attorney then advised the court he was not making a challenge for cause of Reverend Jeffries, but requested "the entire jury panel be at this time dismissed." The court overruled the request and at the conclusion of the voir dire examination of the panel members, at defendant's request and with agreement of the State, Reverend Jeffries was excused for cause.

Defendant's motion for a new trial makes no mention of the jury voir dire incident and thus it cannot be raised for the first time on appeal. *State v. Davis*, 586 S.W.2d 748 (Mo.App.1979). Furthermore, the point is wholly without merit.

The judgment is affirmed.

HOGAN, MAUS and PREWITT, JJ., concur.