**STATE of Missouri,**
**Plaintiff–Respondent,**

v.

**Benjamin J. FRIEND,**
**Defendant–Appellant.**

**No. 11533.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 10, 1980.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff–respondent.

Harry R. Stafford, Jr., Hartville, for defendant–appellant.

TITUS, Judge.

Defendant was jury–tried and found guilty of feloniously stealing 36 yearling heifers. §§ 560.156 and 560.161–2(3) RSMo 1969. In accordance with the verdict, defendant was sentenced to imprisonment for a term of five years. Defendant appealed.

■ In his first two points relied on defendant says that certain veniremen were excused and substituted in a manner contrary to law, thereby depriving him of a jury representing a fair–cross–section of the community and of his right to a jury trial under the state and federal constitutions and the statutory law of Missouri. To understand the complaints contained in the two points we must resort to the argument portion of defendant's brief and the legal file, something we are not required to do. Rule 30.06(d), V.A.M.R.; *State v. Davis*, 586 S.W.2d 748, 750[4] (Mo.App.1979). Nonetheless, the basis of the complaints is defendant's contention that the circuit clerk "without the knowledge or consent of nor at the direction of the court" excused three potential jurors and substituted three others in their stead.

■ The trial judge had before him the "Summons for a Jury" form showing the names of the persons called to jury service. On this was indicated those who had been excused, those (in proper instances) who had been substituted therefor and those added to the original list. Defendant's objections to the jury panel came after the voir dire examination of the veniremen. The mere fact defendant's objections to the veniremen were overruled, is evidence that the court gave tacit approval to what had been done by the clerk. It is needless for us to decide whether § 494.260 RSMo 1969, and the statutes therein cited, were strictly followed. Statutory provisions detailing the methods by which services of additional or substitute jurors are obtained are directory. Unless defendant demonstrates he has been prejudiced or that his interests have been adversely affected by the court's failure to follow the statutory provisions, he is entitled to no relief. *State v. Pettis*, 522 S.W.2d 12, 15[5] (Mo.App.1975). There was no showing of prejudice or that defendant's interests had been adversely affected by the procedure.

"In order to establish a prima facie violation of the fair–cross–section requirement, the defendant must show (1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury–selection process." *Duren v. Missouri*, 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579, 586–587[3] (1979). It is enough to observe that defendant did not and here does not undertake to show that the substitutions made for the excused jurors in any manner violated the fair–cross–section requirement, supra, in that there was no showing or attempted showing that the three necessary elements existed in this case. Defendant's first two points relied on are denied.

Defendant's third point relied on reads: "The court erred in permitting the jury to separate during trial at recesses without the state's approval and defendant's approval."[1] Bare assertions made in a point relied on in defendant's brief which are wholly unsupported by the transcript on appeal, are not for consideration on appeal [*State v. McMillin*, 581 S.W.2d 612, 616[7] (Mo.App.1979)] for we are restricted to a consideration of the evidence in the transcript. *State v. Atkins*, 549 S.W.2d 927, 930–931[9] (Mo.App.1977). The primary thing wrong with this point is that the transcript nowhere indicates the jurors were permitted to separate during recesses. In fact, the only record evidence on the subject is that the sheriff did, in fact, take charge of the jury during a luncheon recess. But even assuming, which we do not, that the jurors were permitted to separate during recesses, in the absence of any objection thereto, as here, we presume the necessary consent to the separation was given by the defendant. *State v. Turner*, 320 S.W.2d 579, 586[16] (Mo.1959); *State v. Montgom-*

*ery*, 363 Mo. 459, 463, 251 S.W.2d 654, 656[2] (1952). The third point is denied.

The fourth point relied on: "The court erred in failing to declare a mistrial at defendant's request after a showing that complaining witness Silzell approached and conferred with a member of the jury during recess, the state having failed during the evidentiary hearing to show that the said conversation and approach by the said jury member did not constitute an improper influence of that juror."

This point, according to the evidence adduced thereto, has this factual background. During a recess, the prosecuting witness was in the hallway outside the courtroom when he saw a deputy sheriff, either intentionally or inadvertently, knock a cigarette from the mouth of a juror. The witness then said to another juror: "He knocked that out, didn't he?" The juror did not reply to the question. There was no showing that anything relating to the case at trial was discussed or that the witness' lone unanswered question to the juror resulted in any prejudice to defendant's rights. While even innocent visiting between a witness and a juror should be avoided, the trial court has broad discretion in determining whether a mistrial should be declared. As the above attests, the trial court did not abuse its discretion in overruling this motion for a mistrial and the point is denied. *State v. Eaton*, 504 S.W.2d 12, 22[19] (Mo.1973).

Defendant's fifth and final point states: "The court erred in failing to grant a mistrial at defendant's request during closing arguments when the prosecutor on two separate occasions, having after the first occasion been admonished by the court, stated to the jury in substance that 'Merely because the court has instructed on a theory of defense does not mean the court personally believes that the theory is supported by the facts.' "

1. We have not overlooked the fact that in the "argument" portion of defendant's brief on appeal, absolutely no argument is made in support of the third point relied on. This would have permitted us to consider the point abandoned and not preserved for appellate review. *State v. Boley*, 565 S.W.2d 828, 831[5] (Mo. App.1978).

The basis for the above complaint reposes in the state's closing argument. [Prosecutor]: "You, as jurors, have an obligation to be the judge of the facts; and the facts, as exist in this case, will be your duty and your responsibility. Now as the Judge read you yesterday, it is the Court's duty to–to enforce the rules and to instruct you upon the law that applies to the case; and it is your duty to determine the facts and determine them only from the evidence and the reasonable inferences to be drawn from the evidence. Now, simply because a theory or an idea is contained in these instructions does not mean that the Judge personally feels that that is a theory or that that is a–[Defense Counsel]: Now, just a minute! That is not true and I object to that statement. These are the Court's instructions and what the Court believes. I ask that the statement be stricken from the record. . . . THE COURT: Objection sustained. Let's proceed. [Prosecutor]: . . . The point is that it's simply because the instructions here state a certain theory does not mean that the judge believes the facts to be that way. [Defense Counsel]: . . . I again object, and I ask for a mistrial. That is not the law. And . . . I don't know what to do at this point, but I think a mistrial ought to be declared. He's done the same thing again. THE COURT: The objection's overruled. Request for mistrial denied. But let's proceed with your argument, Mr. [Prosecutor]. The Court has instructed the jury and told the jury that their–the Court does not necessarily assume any facts, but it's their duty and obligation to determine the facts."

Whether a trial court should or should not declare a mistrial, properly and necessarily rests largely in its discretion. *State v. Escoe*, 548 S.W.2d 568, 571[3] (Mo. banc 1977). We agree with the state concerning the difficulty of perceiving any error in the prosecutor's argument. The argument deviated only slightly from given mandatory MAI–CR 2.03 which charges: ". . . The Court does not mean to assume as true any fact referred to in these instructions but leaves it to you to determine what the facts are." Albeit in *Escoe*, supra, our Supreme Court has denounced the employment of the "catchall" phrase that evidence of "guilt was overwhelming" to condone a conclusion "that manifest injustice or miscarriage of justice had not resulted" from instructional error, it resorted to similar reasoning in *State v. Epperson*, 571 S.W.2d 260, 268[8] (Mo.banc 1978), when it declared the "evidence of defendant's guilt was strong and certain." But enough of semasiological judiciousness. Defendant's argument relating to his fifth point relied on consists of five sentences, none of which undertake to explain why the court's rulings and admonitions were insufficient or why the prejudice, if so, engendered by the argument was so great and irremediable that a mistrial was the only appropriate remedy. Point relied on five is denied.

Judgment affirmed.

GREENE, P. J., and FLANIGAN, J., concur.