**STATE of Missouri, Respondent,**

v.

**Robert W. McGINNESS, Appellant.**

**No. WD 41612.**

Missouri Court of Appeals,
Western District.

Jan. 2, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 27, 1990.

David H. Miller, Public Defender, Richmond, for appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P.J., and SHANGLER and CLARK, JJ.

CLARK, Judge.

Robert W. McGinness was convicted of the offense of passing an insufficient funds check in violation of § 570.120, RSMo 1986. He appeals contending in a single point of error that the court permitted irrelevant and immaterial evidence to be introduced concerning appellant's insurance business and that the verdict was thereby influenced to appellant's prejudice. We agree and reverse the judgment.

The evidence in the case which bore on the charge was essentially undisputed. The information charged appellant with issuing, with purpose to defraud, a check drawn on appellant's account with the Community Bank of Chillicothe in the amount of $317.00, knowing it would not be paid. The check in question, which appellant wrote payable to himself, was presented by him for deposit to an account he maintained at the First National Bank of Carrollton. The check was returned marked insufficient funds. It is undisputed that appellant's account at the Chillicothe bank did not have a balance sufficient to cover that check. The disputed issue was whether admissible evidence proved intent to defraud.

When the Carrollton bank received notice that appellant's check had been returned, appellant was informed of the necessity to remedy the overdraft. Two days later, on February 29, 1988, appellant presented for deposit to his Carrollton bank account a check for $1516.00 written by Egard Ahmann and given to appellant in payment of premiums for policies of insurance appel-

lant had sold to Ahmann. The check was made payable to Rural Insurance Service, the name under which appellant conducted his business as an insurance broker.

Initially, the bank accepted the deposit and credited appellant's account, but on instruction of the head teller, the entry was reversed because the account records at the bank did not include the name, Rural Insurance Service. Appellant protested the failure to credit his account with the deposit. A conference ensued and the transaction was reinstated after appellant and the bank agreed to add appellant's business name to the account. Despite this, however, the bank's officers apparently remained doubtful about the deposit. Delbert Snider, senior operations officer for the Carrollton bank, telephoned the Lafayette County Bank on which Ahmann had drawn the check given to appellant. Snider told the Lafayette bank officer that he was concerned about whether Ahmann had sufficient funds to cover the check. He explained that First National had experienced problems with returned checks on McGinness's account. Snider was assured that Ahmann had ample funds to cover the check.

After his conversation with Snider, the Lafayette bank officer contacted Ahmann and told him he had been questioned about the check appellant was presenting for payment. At this point, and because of the inquiry, Ahmann decided he had made a mistake in buying insurance from appellant and he ordered payment stopped on his check. In consequence, the deposit to appellant's account was again reversed re-establishing the deficit from the original insufficient funds check of $317.00. Based on this evidence and other testimony discussed below, the cause was submitted to a jury [1] which found appellant guilty of the charge and assessed punishment at one year imprisonment and a fine to be determined by the court. Sentence was later imposed in accordance with the verdict and the fine was set at $1000.00.

Appellant's point of error complains of evidence which the court permitted to be introduced in the course of the state's cross-examination of appellant. The contention is sub-divided into seven subjects of testimony which appellant claims should have been excluded from the jury's consideration. The state correctly observes that only two have been preserved for appellate review, the remainder having been forfeited because no objection was made at trial and, in the case of two of the five, because omitted from the new trial motion. Initially, discussion will be limited to the error preserved.

In his first argument sub-point, appellant says the trial court erred when it overruled his objection and permitted the prosecutor to question him about his failure to register the name, Rural Insurance Service, with the secretary of state and to suggest that unlawful use of a fictitious business name was an indication of appellant's guilt on the insufficient funds check charge.

The cross-examination of appellant pursued the subject of Rural Insurance Service name in connection with the evidence the state had presented about the check from Egard Ahmann and appellant's explanation that he used the name in his insurance business. Over objection, the prosecutor was permitted to secure an admission that the name had not been registered as required by statute, followed by the prosecutor's question: "Isn't it *also* illegal to operate under a fictitious name." (Emphasis supplied). Appellant contends the sub-

---

1. Appellant has not raised the issue of sufficiency of the evidence to support the charge in his claim of error. The circumstances of the Rural Insurance Service check suggest that a presumption of intent to defraud may have been overcome when appellant presented for deposit what was then a valid payment order adequate to satisfy the amount of the prior insufficient funds check. Section 570.120.3, RSMo 1986. It has been held, however, that the state need not rely on the statutory presumption, but may utilize actual evidence to prove intent to defraud. *State v. Aldrich*, 724 S.W.2d 688, 692 (Mo.App. 1987). Ordinarily, where a check is drawn on a bank in which the drawer does not have sufficient funds to pay the check, the mere fact of making the check with that knowledge is sufficient evidence of fraudulent intent to send the case to the jury. *State v. Davis*, 586 S.W.2d 748, 750 (Mo.App.1979).

ject of registration of the name was irrelevant to the offense of issuing an insufficient funds check not involving the name of Rural Insurance Service and that the evidence was inadmissible and prejudicial because the subject was another unrelated crime. The state argues that evidence of unlawful conduct by appellant in doing business under an unregistered fictitious name was admissible under the exceptions concerning proof of common scheme or plan and to recount interrelated events necessary to prove a material fact in issue, citing *State v. Chance,* 719 S.W.2d 108 (Mo.App.1986), and *State v. Franks,* 685 S.W.2d 845 (Mo.App.1984).

Doing business in the state under a fictitious name without registering the name with the secretary of state is a misdemeanor. Section 417.230, RSMo 1986. Generally, evidence of crimes other than those charged is inadmissible in a criminal prosecution. *State v. Bannister,* 680 S.W.2d 141, 146–47 (Mo. banc 1984), *cert. denied,* 471 U.S. 1009, 105 S.Ct. 1879, 85 L.Ed.2d 170 (1985). Evidence, prejudicial to the defendant, of unrelated crimes should be received only when there is strict necessity. *State v. Collins,* 669 S.W.2d 933, 936 (Mo. banc 1984). The exceptions to the rule excluding evidence of other crimes permit the evidence to be introduced if the purpose is other than to show a greater likelihood that defendant, by virtue of his criminal nature as evidenced by proof of other crimes, committed the crime charged. *State v. Bannister,* 680 S.W.2d at 147.

In this case, no charge was made against appellant related to the Rural Insurance Service check, the only question being whether appellant had deposited his own check in his account at the Carrollton bank with intention to defraud. The check given appellant by Ahmann was a proper subject of testimony only in that it tended to disprove intention to defraud. Section 570.-120.3, RSMo 1986. Because the check from Ahmann was a valid payment order at the time it was deposited, effectively redeeming the insufficient funds account balance, and was dishonored only after the intervening inquiry by bank officer Snider, the statutory presumption of intention to defraud was in contest. That issue was not affected in any way by the failure of appellant to register his fictitious business name. Ahmann intended at the time to issue his check to appellant for the insurance he had ordered, he knew he was dealing with appellant and expected appellant to negotiate and deposit the check.

The prosecutor's line of questioning, demonstrated forcefully in his closing argument, was to show the jury that appellant was dishonest in his business practices in violation of the law and it was therefore more likely that appellant was guilty of issuing an insufficient funds check. Whether appellant was also guilty of failing to register his business name had no relevance to the charged offense and did not tend to establish motive, intent, the absence of mistake, a common scheme or plan embracing the commission of two or more related crimes or the identity of the accused, the recognized exceptions to the rule precluding evidence of other crimes. The objection should have been sustained and the evidence withdrawn from the jury's consideration.

■ In further cross-examination of appellant, the prosecutor explored the subject of how appellant used his bank accounts for the deposit of insurance premium payments and the withdrawal of funds for his personal use. Appellant objected when the questioning embarked on a pattern of suggesting that appellant was diverting the premium payments to his own use and defrauding his customers. The objection was overruled and the prosecutor was permitted to ask appellant questions such as:

Q. Where does this account show you paid the premium for that insurance that this man took out and he paid the $750.00 for it?

Q. This account in no way reflects that you made any premium payment to an insurance company for the policy that Mr. Wood took out with you on December [15, 1987].

Whether appellant had converted to his own use funds which should have been forwarded to an insurance company was

irrelevant to the offense of the insufficient funds check and the subject of that inquiry should not have been permitted. It was intended to portray appellant as dishonest, particularly in his bank account transactions, and therefore likely to have engaged in other fraudulent schemes including issuance of worthless checks. The objection should have been sustained and the prosecutor's cross-examination limited to proper bounds.

■ It may be argued, although the state does not do so here, that the errors in admission of irrelevant evidence, as described above, are not demonstrative of sufficient prejudice to appellant to warrant reversal of the conviction. In considering this question of prejudice, we look also to the unpreserved error in the case, considering the record under plain error review, Rule 30.20, in light of the broader question of whether appellant was given a trial which was fundamentally fair. The inescapable conclusion is that the trial was not fair and that a new trial should be granted.

In addition to the cross-examination already reviewed, several subjects of irrelevant and prejudicial inquiry were explored by the prosecutor. On the subject of appellant's use of his bank accounts for business and personal transactions, the prosecutor sought to convince the jury that appellant for that reason was guilty of other offenses. For example, he asked appellant on that subject: "Now you've found it's illegal to commingle your funds?" Even were it true that appellant had not segregated premium receipts or even had converted such funds, he was not charged with any offense of that nature and the evidence had no relation to the insufficient funds check on which the prosecution was brought.

The prosecutor also questioned appellant and witness Ahmann about the amount of commission appellant had charged, suggesting that the amount was exorbitant and implying that the premium had been overstated. Again, the subject had no bearing on the insufficient check offense and was intended to show appellant to be a dishonest person.

The culmination of the prosecutor's efforts came in closing argument when appellant was repeatedly referred to as the "flim flam man." The prosecutor told the jury that the flim flam man took premium payments from customers and did not order or supply the insurance policies, he was in danger of losing his insurance broker's license because of his conduct, he charged excessive commissions and "jacked up" the insurance premiums to cover the checks he was "floating around."

Suffice it to say that the prejudice suffered by appellant through the use by the prosecutor of incompetent and irrelevant evidence, re-emphasized in closing argument, having no bearing at all on the guilt of appellant for the offense charged, operated to deny appellant any possibility of a fair trial. We have no hesitancy in holding that the errors in this case resulted in manifest injustice and the verdict may not stand.

The judgment is reversed and the cause is remanded for a new trial.

All concur.