STATE of Missouri, Plaintiff-Respondent,

v.

Maurice MADISON, Defendant-Appellant.

No. 36479.

Missouri Court of Appeals,
St. Louis District,
Division One.

April 6, 1976.

Motion for Rehearing or Transfer
Denied May 17, 1976.

Application to Transfer Denied
July 12, 1976.

Charles D. Kitchin, Public Defender, James C. Jones, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

DOWD, Judge.

Defendant appeals his conviction by a jury of stealing from a person. § 560.156 RSMo 1969.[1] He was sentenced to seven years imprisonment. We affirm.

On October 12, 1973, at approximately 1 p. m., the defendant and a companion entered a supermarket in the City of St. Louis. The defendant, with a newspaper and a candy bar in his hands, proceeded to stand in the checkout line. The customer ahead of the defendant in the line handed a $10 bill and a $20 bill to the checker to pay for purchases. As the checker started to put this money into the cash register drawer, the defendant grabbed the $20 bill from her hand. The checker reflexively snatched at the $20 bill and tore it. The defendant then threw down his portion of the $20 bill and fled from the store.

Hearing the checker's shouts, the store's manager and co-manager chased the suspect. The defendant and his companion were apprehended a short distance from the store by a policeman, who had seen the two men being chased down the alley. Both the defendant and his companion were carrying guns. The policeman placed the two men in the backseat of a police car. The checker was promptly brought to the police car and positively identified the defendant as the man who had grabbed the $20 bill from her hand in the store.

There was additional evidence that the defendant's fingerprint was found on the candy bar.

Defendant's first appellate contention is that the trial court erred in overruling his pretrial motion to suppress the checker's identification of the defendant. Defendant claims the process by which the defendant was identified in the police car was unnecessarily suggestive and conducive to an irreparably mistaken identification. We disagree.

It is not improper for the police to immediately return a freshly apprehended suspect to the scene of the crime for identification by one who has seen the suspect minutes before. *State v. Maxwell,* 502 S.W.2d 382[5] (Mo.App.1973). This kind of confrontation, however, can be unduly suggestive and thus prejudice the rights of the apprehended suspect. To determine the suggestiveness of a particular confrontation and the likelihood of misidentification it is necessary to consider "the totality of the circumstances." *State v. Hamblin,* 448 S.W.2d 603, 611 (Mo.1970). The evidence shows that the defendant and his companion were pursued from the scene of the crime and taken into custody. The checker was immediately brought to the police car in which the two men were seated. With no prompting from the police, the checker positively identified the defendant as the man who had grabbed the money from her hand.

In evaluating the suggestiveness of a confrontation between the accused and a witness and the likelihood of misidentification, we consider such factors as: (1) the opportunity of the witness to view the accused at the time of the alleged crime, (2) the accuracy of the witness's prior description of the accused, (3) the certainty of the witness at the confrontation, (4) the length of time between the crime and the confrontation, and (5) the need for the police to determine at the earliest opportunity whether the person suspected is the person sought. *State v. Hudson,* 508 S.W.2d 707[7] (Mo.App.1974); *State v. McDonald,* 527 S.W.2d 46, 49 (Mo.App.1975). In this case the checker had an opportunity to view the defendant when he was standing in her

---

1. The defendant was originally charged with robbery in the first degree by means of a dangerous and deadly weapon. At the close of all the evidence, the court sustained the defend-ant's motion of acquittal as to the robbery charge. The jury found the defendant guilty of stealing from a person.

checkout line and did look at him for a few seconds. The checker positively identified the defendant in the police car as the man who had snatched the $20 bill from her. Only a few minutes had elapsed between the theft and the checkers' identification. Finally, in this case there was a need for quick identification because the arresting police officer had not actually seen the crime; he had merely noticed the two men fleeing from some pursuers. Thus it was important for the police to determine whether the suspects in their custody were the persons sought for the theft.

■ We hold that the prompt identification was not unnecessarily suggestive nor conducive to an irreparable mistaken identification. The trial court properly overruled the defendant's motion to suppress the identification testimony and properly admitted the subsequent in-court identification of the witness.

■ We will not review the defendant's second and third points on appeal because they have not been preserved for appellate review. The two points were not "set forth in detail and with particularity" in the defendant's motion for a new trial. Rule 27.20(a). The plain error rule is not applicable to this case, for our careful review of the record and the appellate briefs has convinced us that our failure to consider these points will not result in manifest injustice or miscarriage of justice. Rule 27.20(c).

The judgment is affirmed.

WEIER, P. J., and RENDLEN, J., concur.