**STATE of Missouri, Plaintiff-Respondent,**

v.

**Helen Patricia PRICE,
Defendant-Appellant.**

No. 37126.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 21, 1976.

Bell, Harris, Kriksey & Thomas, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant-appellant Helen Patricia Price appeals from a conviction in the circuit court of the City of St. Louis for stealing over $50 and a sentence imposed by the court, pursuant to the Second Offender Act, to a term of five (5) years imprisonment. We reverse the conviction and remand for a new trial.

At trial the state's evidence was that on December 4, 1974, Ms. Joyce Jobe and Ms. Sally Parker, security officers in the downtown Famous-Barr Department Store, saw appellant take a red plastic shopping bag from her purse, place four handbags from a sales rack into the bag, and attempt to walk out of the store. Appellant was then detained by the two security officers and Mr. Joseph Gaal, a member of the St. Louis Police Department, who was employed on a part-time basis by the store. These three employees testified to having observed and detained appellant. An assistant buyer testified that the value of the items was in excess of $50.00.

Appellant testified and admitted to having been previously convicted of a shoplifting offense involving Famous-Barr and to several felony convictions. She claimed, however, that in the present case she was being framed. She testified that she was shopping on the second floor of the store with her sister and brother, when Officer Gaal told her to leave the store. A short time later Officer Gaal again saw her around the first floor entrance and a scuffle ensued. She was then taken to the store security office where Officer Gaal told Jobe and Parker to get some merchandise valued at over $50.00 and to bring it to the office so that appellant could be charged with a felony. Appellant also testified that she had had a prior hostile encounter with Ms. Jobe.

Ms. Jobe and Ms. Parker testified that appellant had been accompanied by someone when they first observed her but that they had lost track of that person in the process of following Ms. Price. Appellant's attorney, Mr. Charles Kirksey, Jr., first notified the prosecutor of his intention to call appellant's sister and brother on the day the trial commenced. During a conference in the judge's chambers held the following morning, the court found that appellant had failed to comply with the discovery request for witnesses made by the state under Rule 25.34(2). Therefore, at the request of the state, the court then applied Rule 25.45 to prohibit the appellant from calling either her brother or sister as a witness.

In his closing argument the prosecutor, Mr. Raymond Bruntrager, Jr., commented on the appellant's failure to present any evidence to corroborate her story. Appellant's counsel objected and was overruled.

Appellant raises two points on appeal: that the trial court erred by excluding appellant's witnesses from testifying resulting in a deprivation of her constitutional rights; and that the trial court erred in not sustaining appellant's objection to the prejudicial argument of the prosecutor.

■ We pass to consideration of the second point. Generally, the granting or withholding of a new trial for improper argument is a matter for the trial court's discretion and an appellate court will not interfere without a showing that the trial court abused its discretion to the prejudice of the appellant. *State v. Turley,* 518 S.W.2d 207, 211 (Mo.App.1975) and *State v. Connell,* 523 S.W.2d 132 (Mo.App.1975). Such a statement must have been plainly unwarranted and clearly injurious. *State v. Hutchinson,* 458 S.W.2d 553, 556 (Mo. banc 1970).

It is an established rule in our state that it is improper for a prosecutor, or defense attorney, to argue matters that the court has excluded. *State v. White,* 440 S.W.2d 457, 460 (Mo.1969) and *State v. Williams,* 376 S.W.2d 133, 136 (Mo.1964).

In his closing argument the prosecutor made the following statement: "Helen Price takes the stand . . . Okay. She tells you, 'well, this happened. That person was with me. And that person was with me.' Do you see any of this now? You don't see any of it now. All you see is her telling you ____."

■■ We find this to be a clear reference to the failure of Ms. Price to call as witnesses her brother and sister. The prosecutor himself had requested the court to exclude these witnesses. Any comment on their failure to testify was, therefore, within the rule which prohibits comment on excluded testimony and was improper.

While the courts of our state allow comment on the failure of a party to call a witness who would be expected to testify favorably to their case, *State v. Williams,* 532 S.W.2d 826, 830 (Mo.App.1975), the reason for allowing this comment is that there are logical inferences that can be drawn from this failure to call a witness. Among these inferences is the fact that the testimony would not have been favorable, or that the party has fabricated the presence of a witness to try to bolster their testimony. No such inference can be drawn from appellant's inability to call her witnesses in the present case. The trial court erred in failing to sustain the timely objection of appellant's attorney to this line of argument.

In determining whether an improper comment was so clearly injurious that a new trial should be required, we consider three factors: whether the trial court gave a cautionary instruction, MAI–CR 2.68 to the jury, *State v. Connell,* 523 S.W.2d 132, 138 (Mo.App.1975); whether the trial court gave a curative type instruction to disregard the improper comment, *State v. Raspberry,* 452 S.W.2d 169, 173 (Mo.1970); and the strength of the state's case, *State v. Connell,* supra, 523 S.W.2d at 138.

In the present case the trial court gave the cautionary instruction. As noted earlier, the court improperly overruled appellant's objection and therefore did not give the jury any curative-type instruction to disregard the prosecutor's statement. The overruling of the appellant's objection had the effect of giving the court's sanction to the prosecutor's argument and would naturally serve to discredit the testimony of appellant. While the state's case at trial was strong, we find that a good deal of its strength was a result of the prosecutor's ability to discredit the appellant through cross-examination and in his closing argument. The improper portion of the argument was a significant factor in this process.

We, therefore, find that the appellant was clearly injured by the failure of the court to sustain her objection.

We need not now consider appellant's first issue concerning the propriety of the extreme sanction taken by the trial court in excluding her witnesses. We do note, however, that by remanding for a new trial, appellant will now be in a position to call these witnesses and the fact-finding process should be aided as a result.

This cause is reversed and remanded for a new trial.

WEIER, P. J., and RENDLEN, J., concur.