**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Gregory SYKES, Defendant-Appellant.**

No. 38686.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 6, 1977.

Paul E. Corning, Jr., Clayton, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant Gregory Sykes appeals from a judgment entered upon a jury verdict in the circuit court of St. Louis County finding him guilty of robbery first degree by means of a dangerous and deadly weapon, a felony, §§ 560.120, 560.135, RSMo 1969. Defendant was sentenced to fifteen years imprisonment. For reversal defendant argues that the trial court erred in (1) admitting evidence of other crimes, (2) permitting the prosecutor to make personalized remarks and inflammatory statements to the jury in final argument, (3) giving certain oral instructions to the jury, and (4) admitting into evidence certain photographs over defendant's objection of surprise. We reject each claim and thus affirm the judgment.

On March 6, 1976, an armed robber held up a Quick Shop market in St. Louis County, taking between $500 and $300. All five of the persons present made in-court identifications of defendant as the robber. On

March 10, 1976, three of the witnesses separately identified defendant from photographs and, later that day, picked defendant out of a lineup. The other two witnesses were able to identify defendant from a photograph taken of the lineup.

■ We reject defendant's first claim of error pertaining to the admission of evidence of other crimes. While we agree that the police officer's statement that he asked defendant about "some other things [he] was investigating" was inept, we do not agree that it has the prejudicial effect claimed by defendant. Defendant contends the statement prejudicially put before the jury the possibility that he had been involved in other crimes. Defendant requested the trial court to declare a mistrial—a drastic remedy. *E. g., State v. Charles,* 542 S.W.2d 606, 611 (Mo.App.1976).

We think the trial court's timely instruction to the jury to disregard the police officer's statement was adequate for three reasons. First, there was no specific crime or charge contained in the police officer's remark. *Compare State v. Lee,* 486 S.W.2d 412 (Mo.1972). Second, the officer's statement was volunteered. Third, there was no abuse of discretion in the manner in which the trial court dealt with the problem. *See State v. Parker,* 476 S.W.2d 513, 516 (Mo. 1972); *State v. Ward,* 457 S.W.2d 701, 709 (Mo.1970); *State v. Brunson,* 559 S.W.2d 60 (Mo.App.1977).

■ Defendant's second point concerns the prosecutor's final argument. Defendant argues that the prosecutor made personalized remarks and inflammatory statements to the jury which merited the declaration of a mistrial. Our review of the record, however, indicates that none of the six statements made by the prosecutor and alleged to be prejudicial by defendant has been properly preserved for review. Three of the statements were neither objected to at trial nor contained in defendant's motion for a new trial. Two of the statements were objected to at trial but not included in the motion for a new trial. Consequently, these five statements are matters which have been raised for the first time on appeal and are therefore not preserved for review, *e. g., State v. Nevills,* 530 S.W.2d 52, 54 (Mo.App.1975).

■ Unlike the first five contentions sought to be raised, the sixth statement was objected to at trial and set forth in the motion for a new trial. We are unable, however, to find such a statement as "put yourself in her place" in the record. When points on appeal are not set forth with particularity in a party's motion for a new trial and are so lacking in details, nothing is preserved for review. Rule 27.20(a), V.A. M.R. (1975); *e. g., State v. Madison,* 537 S.W.2d 563, 565 (Mo.App.1976). Thus, none of the six statements alleged by defendant to be prejudicial has been properly preserved for review.

■ Furthermore, from our review of the record we find no plain error affecting substantial rights of defendant that could reasonably be deemed such that manifest injustice or miscarriage of justice has resulted from any statements made by the prosecutor, whether considered singularly or cumulatively. Rule 27.20(c), V.A.M.R. (1975). We also note that the monitoring of closing argument is traditionally a matter within the discretion of the trial court, *e. g., State v. Garner,* 530 S.W.2d 420 (Mo.App. 1975). In this case we cannot say that the prosecutor's statements during final argument were "plainly unwarranted and clearly injurious." *State v. Price,* 541 S.W.2d 777, 778 (Mo.App.1976). Moreover, defendant was identified as the robber with certainty by five witnesses; where guilt is established by overwhelming evidence our refusal to invoke the plain error rule will not result in injustice or a miscarriage of justice. *State v. Hurtt,* 509 S.W.2d 14, 15 (Mo.1974); *State v. Hill,* 539 S.W.2d 521, 529 (Mo.App.1976).

■ Defendant's next contention is that the trial court erred in giving improper instructions to the jury. Specifically, defendant argues that the trial court erred in failing to read MAI–CR 1.08(b) to the jury at certain recesses. The trial court did not read MAI–CR 1.08(b) to the jury as written.

Defendant, however, failed to object to the trial court's oral summary of the substance of MAI–CR 1.08(b). This point was not included in defendant's motion for a new trial. Since Rule 20.03, V.A.M.R. (1975), requires that objections to instructions be raised either at trial or in the party's motion for a new trial, this point is presented for the first time on appeal and therefore has not been properly preserved for review. *State v. Grey,* 525 S.W.2d 367 (Mo.App. 1975).

Nor may defendant receive any consolation from the plain error rule, Rule 27.20(c), V.A.M.R. (1975). We find no misdirection or failure to instruct the jury on the law of the case so that the misdirection or failure to instruct caused manifest injustice. *State v. Broomfield,* 510 S.W.2d 843, 845 (Mo.App. 1974).

■ Even if defendant's point had been properly preserved for review, it would not merit reversal. Although failure to comply with the Missouri Approved Criminal Instructions is error, the prejudicial effect of such error is to be judicially determined. Rule 20.02(e), V.A.M.R. (1975); *State v. Boyington,* 544 S.W.2d 300 (Mo. App.1976). Certain minor deviations from the approved instructions which do not confuse or mislead the jury have been held not to be prejudicial. *See State v. Vernor,* 522 S.W.2d 312 (Mo.App.1975); *State v. Fox,* 521 S.W.2d 507 (Mo.App.1975). In this case the challenged instructions given by the trial court were in substance MAI–CR 1.08(b), although admittedly not in the same words. Nevertheless, the jury was neither confused nor misled by the instructions given and fully understood that they were not to discuss the case. We find the error to be harmless in this case.

■ Defendant's final point is that the trial court erred in admitting into evidence five photographs, Exhibits No. 3–7. Defendant argues that because these photographs were not disclosed in response to defendant's motion for discovery, the introduction of the photographs into evidence constituted surprise and deprived him of his right to a fair trial. Rule 25.32(A)(6), V.A. M.R. (1975), requires that the state turn over any photographs in its possession to the defense counsel in response to a motion for discovery. The imposition of a sanction for failure to comply with an applicable discovery rule, however, is a matter within the discretion of the trial court. Rule 25.45, V.A.M.R. (1975); *e. g., State v. Johnson,* 524 S.W.2d 97 (Mo. banc 1975); *State v. Thompson,* 539 S.W.2d 647 (Mo.App.1976). The question for the trial court is whether or not the failure to produce results in fundamental unfairness to the defendant. *State v. Moten,* 542 S.W.2d 317 (Mo.App.1976); *State v. Buckner,* 526 S.W.2d 387 (Mo.App. 1975).

■ The photographs at issue are ordinary pictures of the Quick Shop market: the front of the market, the safe, the walk-in cooler, the check out area, and an empty cash register drawer. We agree with the trial court that the introduction of these photographs into evidence did not result in fundamental unfairness to defendant and find no abuse of discretion.

Accordingly, the judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.