STATE of Missouri, Respondent,

v.

Jimmie D. SOLE, Appellant.

No. 28656.

Missouri Court of Appeals,
Western District.

April 2, 1979.

Clifford A. Cohen, Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

Direct appeal from jury conviction for assault with intent to do great bodily harm without malice. Sentence of three years imposed. Motion for new trial timely filed and overruled.

Appellant raises one point on appeal, which reads as follows:

"POINTS AND AUTHORITIES I

THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY PURSUANT TO MAI–CR 1.08 PRIOR TO THE EVENING RECESS OF COURT INSOFAR AS SUCH AN INSTRUCTION IS MANDATORY AND FAILURE TO GIVE THE SAME PREJUDICED APPELLANT AND DENIED HIM A FAIR TRIAL."

Appellant attacks the lower court's determination by alleging reversible error in the trial court not having given MAI–CR 1.08. That instruction reads as follows:

"1.08 INSTRUCTIONS AT EACH RECESS AND ADJOURNMENT

(a) AT THE FIRST RECESS OR ADJOURNMENT

It is the Court's duty to instruct you now upon a matter about which you will be reminded at each recess or adjournment of court. Until this case is given to you to decide, you must not discuss any subject connected with the trial among yourselves, or form or express any opinion about it, and, until you are discharged as jurors, you must not talk with others about the case, or permit them to discuss it with you or in your hearing, or read, view or listen to any newspaper, radio or television report of the trial.

The bailiff and other officers of the court are not permitted to talk to you about any subject connected with the trial, and you are not permitted to talk to them about it.

(b) AT SUBSEQUENT RECESSES OR ADJOURNMENTS

The Court again reminds you of what you were told at the first recess of the court. Until you retire to consider your verdict, you must not discuss this ·case among yourselves or with others, or permit anyone to discuss it in your hearing. You are not to form or express any opinion about the case until it is finally given to you to decide."

This matter went to trial after selection of the jury. At the conclusion of the presentation of the state's evidence, the court recessed until 9:30 a. m. the following morning. Just prior to the recess, the court stated to the jurors:

"THE COURT: Well, I'm going to recess until the morning and you can put it on first thing in the morning.

Members of the jury, we're going to recess until 9:30 in the morning.

Now, during this overnight recess you must not form or express any opinion concerning this case. Do not discuss it among yourselves and permit no one to say anything either to you or within your hearing concerning this case.

Be back here just a little before 9:30 in the morning to the end we can start promptly at 9:30.

We'll be in recess, Mr. Bailiff."

No objection was made by appellant to the failure to give MAI–CR 1.08. Appellant did, however, raise the issue in his motion for new trial.

■ The question here is one of determination of the words used by the trial judge and their relationship to the so-called required instruction, and the statute relative to the instruction, § 546.230, RSMo 1969. It must be assumed from appellant's brief that he specifically attacks MAI–CR 1.08(b) due to his reference to the evening recess.

Section 546.230, RSMo 1969 provides the following:

"546.230. JURY MAY SEPARATE, WHEN.—With the consent of the prosecuting attorney and the defendant, the court may permit the jury to separate at any adjournment or recess of the court during the trial in all cases of felony, except in capital cases; and in misdemeanors the court may permit such separation of the jury of its own motion, but when the jurors are permitted to separate, after being impaneled as provided for in this chapter, and at each adjournment the court must admonish them that it is their duty not to converse among themselves, nor to suffer others to converse with them or in their hearing on any subject connected with the trial, or to form or express any opinion thereon, until the cause is finally submitted to them."

The mere lack of compliance with the giving of this instruction is not to itself reversible error. Rather, such "Noncompliance with verdict forms as established in approved jury instructions is error; however, prejudicial effect of such error is to be judicially determined . . ."

■ In the case of *State v. Sykes,* 559 S.W.2d 643 (Mo.App.1977), (also citing *State v. Boyington,* 544 S.W.2d 300 [Mo.App. 1976]; *State v. Vernor,* 522 S.W.2d 312 [Mo.App.1975]; *State v. Fox,* 521 S.W.2d 507 [Mo.App.1975]) the court again restated that prejudicial effect is a matter for judicial determination and in addition, the court stated:

". . . In this case the challenged instructions given by the trial court were in substance MAI–CR 1.08(b), although admittedly not in the same words. Nevertheless, the jury was neither confused nor misled by the instructions given and fully understood that they were not to discuss the case. We find the error to be harmless in this case."

The appellant posed no objections at the time of the court's admonishment to the jury. In addition, the reading of the admonishment of the trial judge to the jury

leads to the conclusion and clearly points out that the jury was, by the content of the words expressed, neither confused nor misled by the trial court's statement. This leads to the inescapable conclusion that no prejudicial error is found herein.

Judgment affirmed.

All concur.