**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Omar HUTCHINSON,
Defendant-Appellant.**

**No. 40151.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 15, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 15, 1979.

Shaw, Howlett & Schwartz, Clayton, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Kathryn Marie Krause, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Pros. Atty., Clayton, for plaintiff-respondent.

CRIST, Judge.

Conviction by a jury of robbery in the first degree (eight counts) and armed criminal action (one count). Defendant was sentenced to twenty-five years imprisonment on each of the nine counts; the sentences are to run concurrently. We affirm.

Defendant first complains of double jeopardy. He robbed several persons in a beauty parlor, with the aid of a pistol, on April 16, 1977. The first degree robbery charges were based on defendant's forcibly taking the property of another from the other's person or presence; the armed criminal action charge was based on defendant's use of the pistol. The defendant's complaint was laid to rest in *State v. Treadway*, 558 S.W.2d 646, 651–652 (Mo. banc 1977). The robbery and armed criminal action convictions were separate offenses. Accordingly, defendant was not put in double jeopardy.

Defendant next complains the manner in which the police conducted several photographic arrays and a lineup were suggestive and the resultant out-of-court identifications of the defendant were unreliable. We disagree. We are unconvinced the photographic arrays and the lineup were suggestive. Ten people made out-of-court

identifications of defendant. Had not all ten been of the same opinion, defendant would have had more reason to complain. There is no evidence as to how the police could have suggested to all ten people that this defendant was the robber in lieu of someone else. Nevertheless, even if the out-of-court identification procedures were mildly suggestive, there is no reason to think the factors favoring reliability were outweighed by the suggestiveness. The robbery occurred at 11:30 a. m. in the morning. The shop was well lighted. The robber was in the store from two to ten minutes. The description of the robber, albeit composite, was accurate. The witnesses were certain about their identifications. We rule this point against the defendant. *Manson v. Brathwaite*, 432 U.S. 98, 113–17, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *State v. Madison*, 537 S.W.2d 563, 564–565[1–3] (Mo.App.1976).

Defendant next complains about a statement by a state witness (the owner of the beauty parlor) on direct examination that she felt that the defendant had probably stolen a ham a year or so earlier in an unrelated incident when their paths had crossed. Defense counsel immediately objected and requested a mistrial. The court sustained the objection but denied the mistrial. The court instructed the jury to disregard her testimony on this point. Defendant failed to preserve this error for review in his motion for new trial. Defendant asks us to invoke the "Plain Error Rule." Rule 27.20.

The complained of statement entered the record as follows: The owner of the beauty parlor stated that she had seen the defendant once before, about a year prior to the robbery, when he entered her shop and asked whether any of her customers wanted to buy a ham. Some of her customers wanted to buy a ham so the defendant left and later returned with a ham. In response to the prosecuting attorney's question as to whether she remembered the clothing the defendant was wearing on the day he came in to sell the ham, she responded:

"Well, when he first came in I didn't—I didn't you know, pay too much attention to his clothing. All I know is what he asked. But then when he came back I noticed because he was all out of breath and had been running, you know. So I felt like he probably had stolen the ham at one of the stores."

A declaration of a mistrial is a drastic remedy and properly rests in the discretion of the trial judge who observed the complained of incident giving rise to the request. *State v. Cuckovich*, 485 S.W.2d 16, 24 (Mo. banc 1972). A mistrial should be given only when the complained of incident is so grievous in character that the prejudicial effect cannot be removed in any other way. *State v. Johnson*, 504 S.W.2d 23, 29 (Mo.1973).

The prosecuting attorney was not attempting to prove another crime. The remark came into evidence unexpectedly. The court exercised proper discretion, and accordingly there was no plain error. *State v. Brauch*, 529 S.W.2d 926, 931 (Mo.App. 1975).

The judgment is affirmed.

REINHARD, P. J., and GUNN, J., concur.