**Omar HUTCHINSON, Respondent,**

v.

**STATE of Missouri, Appellant.**

**No. 42914.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 20, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 13, 1981.

Application to Transfer Denied
Sept. 8, 1981.

George Westfall, Pros. Atty., Steven J. Clark, Asst. Pros. Atty., Clayton, John Ashcroft, Atty. Gen., Paul Robert Otto, Jan Bond, Asst. Attys. Gen., Jefferson City, for appellant.

James Knappenberger, Shaw, Howlett & Schwartz, Clayton, for respondent.

REINHARD, Judge.

The state appeals from an order of the trial court vacating eight sentences of robbery first degree pursuant to movant's Rule 27.26 motion.

Movant was convicted by a jury of eight counts of robbery first degree and one count of armed criminal action. He was sentenced by the court to serve 25 years on each count, the sentences to run concurrently. On appeal, we affirmed. *State v. Hutchinson*, 582 S.W.2d 350 (Mo.App.1979). Subsequently, movant filed a Rule 27.26 motion asking that the armed criminal action sentence be vacated because his prosecution and convictions for robbery first degree and armed criminal action constitute double jeopardy. He relied upon *Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980). On the date the court ruled, April 22, 1980, the motion was amended requesting the court "to vacate and set aside his convictions for Robbery 1st Degree, so as to leave one conviction for one count of armed criminal action . . . ." The court granted this relief.

On appeal, the state raises three points. It claims that the findings of fact and conclusions of law are insufficient; that the convictions of robbery first degree and armed criminal action do not constitute double jeopardy; and that if the convictions constitute double jeopardy, the court should have vacated the armed criminal action conviction and not the robbery first degree convictions.

■ We have reviewed the court's findings of fact and conclusions of law and hold that they are sufficient for us to make a meaningful review. The state cannot prevail on its second point, wherein it argues that the movant's convictions do not constitute double jeopardy, because its position is contrary to the holding of *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980), *reinstating as supplemented Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980), which the state admits in its brief controls this case.

■ The state's final point wherein it contends that the court should not have vacated the robbery convictions must be sustained. Nowhere in the proceedings has the movant claimed that the multiple convictions of robbery first degree constituted double jeopardy. Rather, movant has consistently claimed that he was placed in double jeopardy by being convicted of both robbery first degree and armed criminal action arising out of the same incident. Therefore, the trial court was confronted with the same circumstances as were involved in the *Sours* litigation. To support movant's contention that we should affirm the action of the trial court, he correctly stated that we are bound by the first *Sours*

case (hereinafter referred to as *Sours I*)[1]. So was the trial court. Movant would have us consider those portions of *Sours I* helpful to his position and exclude those portions adverse to him.

The Supreme Court in *Sours I* stated: Having determined that a conviction for both robbery first degree and armed criminal action places a defendant twice in jeopardy by multiplying the punishment for one offense, we must consider the appropriate remedy.

The armed criminal action statute provides in three separate subsections for sentences of not less than three years for the first offense of armed criminal action, not less than five years for the second offense, and not less than ten years for the third. § 559.225, RSMo Supp. 1976. Each subsection contains the sentence: 'The punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous or deadly weapon.' Our determination that the description of the offense of armed criminal action includes all of the elements of the underlying felony requires that the statute be construed as if this sentence were stricken from each subsection, since the double jeopardy clause prohibits imposing punishment for both armed criminal action and for the underlying felony. We reverse the judgment of the trial court insofar as it denied appellant relief from his conviction for armed criminal action; we affirm the judgment of the trial court insofar as it denied appellant relief from his conviction for robbery first degree. Appellant's conviction for armed criminal action is hereby set aside.

*Sours v. State*, 593 S.W.2d at 222–23 (footnotes omitted).

Movant would have us interpret *Sours I* as permitting the trial court to determine which of the two counts should be vacated: robbery first degree or armed criminal action. We do not believe *Sours I* grants such discretion.

Relying on *Sours I*, we hereby reverse the judgment of the trial court, reinstate movant's convictions for robbery first degree, and set aside his conviction for armed criminal action.

CRIST, P. J., and SNYDER, J., concur.

---

1. The first *Sours* case: *Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980) was reinstated as supplemented by the second *Sours* case: *Sours v. State*, 603 S.W.2d 592, 606 (Mo. banc 1980).