**Dawayne KERNS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 86439.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 15, 2006.

Shaun J. Mackelprang, Jayne T. Woods, Jefferson City, MO, for Respondent.

Kristina Starke, Saint Louis, MO, for Appellant.

Before GLENN A. NORTON, P.J., LAWRENCE E. MOONEY, J. and KENNETH M. ROMINES, J.

### ORDER

PER CURIAM.

Dawayne Kerns appeals the judgment denying his Rule 29.15 motion after an evidentiary hearing.[1] In his motion, Kerns asserted various claims stemming from the prosecutor's comment during closing argument that the jury had not heard any evidence that the victim had a motive to lie. Before trial, the court granted the State's motion to exclude testimony regarding "[a]ny speculation as to why the alleged victim might lie about the offense." Kerns argues that the prosecutor's comment during closing argument improperly referred to this excluded evidence. He claims that trial and appellate counsel were ineffective for failing to properly challenge the prosecutor's remark; he also asserts that the comment amounted to prosecutorial misconduct and the constructive denial of the assistance of counsel.

While it is improper for a prosecutor to comment on matters that the court has excluded, where the comment does not refer to the excluded evidence but instead to some "evidentiary void" that is not attributable to the trial court's ruling, the prosecutor may properly comment on it. *State v. Manzella,* 128 S.W.3d 602, 607 (Mo.App. E.D.2004). Here, as the motion

1. Kerns's convictions on two counts of statutory rape for having sex with his daughter

were affirmed on direct appeal. *See State v. Kerns,* 97 S.W.3d 529 (Mo.App. E.D.2003).

court concluded, Kerns was precluded only from presenting *speculation* about why the victim might lie; other evidence that she had motive to lie was not excluded by the court, and the defense presented none. Thus, it was proper for the State to comment on the lack of evidence regarding a reason to lie.[2]

The motion court's findings and conclusions are not clearly erroneous. Because the comment was not improper, Kerns's claims of ineffective assistance of trial and appellate counsel, prosecutorial misconduct and the constructive denial of counsel had no merit. It was not clear error to deny Kerns's claims. An extended opinion would have no precedential value. We affirm the judgment under Rule 84.16(b).

[redacted]

2. The cases on which Kerns relies are distinguishable because the prosecutors' comments in those cases referred to specific evidence or to specific witnesses that had been excluded before trial. *See State v. Weiss,* 24 S.W.3d 198 (Mo.App. W.D.2000) (reference to defendant's failure to present bank records that previously had been excluded on state's motion was improper); *State v. Luleff,* 729 S.W.2d 530 (Mo.App. E.D.1987) (reference to defendant's failure to produce receipt for stolen property he claimed he had was improper where receipt previously had been excluded on state's motion); *State v. Hammonds,* 651 S.W.2d 537 (Mo.App. E.D.1983) (argument that witness, who previously had been excluded on state's motion because he was disclosed late, did not testify to avoid perjury was improper); *State v. Price,* 541 S.W.2d 777 (Mo. App.1976) (reference to defendant's failure to call witnesses she claimed could corroborate her defense was improper where those witnesses previously had been excluded on state's motion).