

# Missouri Court of Appeals
## Southern District
### Division Two

STATE OF MISSOURI,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　Plaintiff-Respondent,　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)　　　No. SD36005
　　　　　　　　　　　　　　　　)
JOHN ANDREW CALAHAN,　　　　)　　　**Filed:　December 10, 2019**
　　　　　　　　　　　　　　　　)
　　　Defendant-Appellant.　　　　)

APPEAL FROM THE CIRCUIT COURT OF WAYNE COUNTY

Honorable Kelly Parker

**<u>AFFIRMED</u>**

John Andrew Calahan ("Defendant") appeals his convictions, after a jury trial, of assault in the second degree (*see* section 565.052) and armed criminal action (*see* section 571.015).[1]  Defendant's sole point on appeal claims the trial court plainly erred in overruling Defendant's motion for a mistrial when the jury initially returned ambiguous verdicts because the remedies applied by the trial court were "insufficient to repair the damage" to Defendant's due process right to a fair trial.  We decline plain-error review and affirm.

### Standard of Review

Although Defendant's request for a mistrial was timely made to the trial court, he failed to include the denial of that request in his motion for new trial.  Thus, Defendant

---

[1] All statutory references are to RSMo 2016.

1

rightly concedes that his claim is reviewable only for plain error under Rule 30.20.[2]  Such errors are "plain errors affecting substantial rights [and] may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."  Rule 30.20.  Such review is used sparingly.  ***State v. White,*** 92 S.W.3d 183, 189 (Mo. App. W.D. 2002).  Plain error is error that is "evident, obvious and clear[.]"  ***State v. Bailey,*** 839 S.W.2d 657, 661 (Mo. App. W.D. 1992).

## Facts and Procedural Background

After deliberation, the jury foreperson gave the jury's written verdict forms to the bailiff, who handed them to the trial court.  The trial court said, "There is a signed verdict for [Count 1] but there is not a signed verdict for [Count 2].  I am going to return the packet to the jury and have the jury retire to deliberate as to [Count 2] and provide a verdict[.]"  The foreperson responded, "We did we just didn't get it signed" and "it was unanimous."  She then signed the Count 2 verdict in open court.

The trial court then stated that there were "two inconsistent verdicts" as to Count 1 and "no verdict" as to Count 2 and announced that it would return the packet to the jury.  The trial court then read and responded to the verdicts as follows.

> As to [Count 1], we, the jury, find [Defendant] guilty of assault in the fourth degree, as submitted in instruction number 7.  Is that the unanimous verdict of this jury?  I see the jurors nodding in the affirmative.  As to [Count 2], we, the jury, find [Defendant] not guilty.  Is that the unanimous verdict of this jury?

Some (unidentified) jurors then said, "NO, NO."  The trial court responded by sending the instructions and forms back and instructing the jury "to look at the instructions and the permissible verdicts available" for Count 2 and to "retire to continue your deliberations."  Defendant voiced no objection to this procedure.

---

[2] All rule citations are to Missouri Court Rules (2019).

When the jury returned to the courtroom, the foreperson announced, "We have two unanimous verdicts[.]" The trial court read the verdicts aloud, which now indicated that Defendant was found guilty of assault in the second degree on Count 1. The trial court then stated, "But the one for assault in the fourth degree is stricken through . . . and written void" and "the not guilty as to [Count 1] is stricken through . . . and written void and not guilty as to [Count 2] is stricken through . . . and is written as void." The trial court then polled the jury. Each juror responded by saying that he or she found Defendant guilty of assault in the second degree and armed criminal action.

The following exchange then took place.

| THE COURT: | OKAY MS. THOMPSON [(the jury foreperson)] I DO WANT TO INQUIRE OF YOU. IS IT YOUR STATEMENT THAT WHEN YOU FIRST CAME OUT THE VERDICT FORM WAS GUILTY AS TO [COUNT 1] BUT AS TO SECOND DEGREE, BUT AS TO FOURTH DEGREE ASSAULT? |
|---|---|
| [FOREPERSON]: | WE SIGNED THE INCORRECT PAPER YES SIR IT WAS. THE FOURTH DEGREE IS WHAT WE SIGNED. |
| THE COURT: | BUT THE INTENT OF THE JURY WAS? |
| [FOREPERSON]: | SECOND DEGREE. |
| THE COURT: | AND DOES THE JURY AGREE WITH THAT STATEMENT BY THE FOREPERSON? OKAY. AND WHEN I SAID I DID NOT HAVE A VERDICT AS TO [COUNT 2] YOU SIGNED A NOT GUILTY AS TO [COUNT 1]. WAS THAT DONE IN ERROR? |
| [FOREPERSON]: | YES SIR. |
| THE COURT: | OKAY. AND THEN WHEN I RETURNED THE FORMS YOU SIGNED AN ADDITIONAL VERDICT FORM BUT AS TO [COUNT 2] NOT GUILTY, CORRECT? |

3

| | |
|---|---|
| [FOREPERSON]: | YES SIR. |
| THE COURT: | AND WHEN I READ THAT VERDICT FORM THE JURY SAID THAT WASN'T OUR VERDICT? |
| [FOREPERSON]: | YES SIR. |
| THE COURT: | OKAY SO THEN I SENT EVERYTHING BACK AND YOU… |
| [FOREPERSON]: | WE REVIEWED THE FORMS, FOUND OUR OTHER INCONSISTENCY AND CORRECTED OUR ERRORS TO OUR VERDICTS OF GUILTY. |
| THE COURT: | OKAY AND FORGIVE ME FOR BEING FORMAL BUT WE HAVE TO KEEP A RECORD OF THIS AND I'M TRYING TO MAKE SURE THAT IT'S ALL IN THE RECORD SO EVERYBODY'S RIGHTS ARE PROTECTED.  ANY REQUESTS BY THE STATE OR DEFENSE AT THIS TIME?  IF NOT I'M GOING TO ACCEPT THE VERDICTS AND MOVE ON. |
| [DEFENSE COUNSEL]: | YES YOUR HONOR. |

Defense counsel then moved for a mistrial at the bench as he "believe[d] that the verdicts are very tainted.  They've been back and forth and the jury returned a verdict of guilty in [sic] a misdemeanor and not guilty on armed criminal action and now they've come back with something else and I believe that this should be declared a mis-trial."  He requested that the jury be polled again to see who had originally agreed with the guilty verdict of assault in the fourth degree.  The trial court declined that request, saying "If they found him guilty of second degree they don't get to fourth degree."  The trial court then overruled Defendant's motion for mistrial and accepted the guilty verdicts to second-degree assault and armed criminal action.

4

**Analysis**

Whether this court should grant plain error review requires us to determine whether *substantial* grounds exist for believing that the trial court committed a plain error based upon the face of Defendant's claim; if so, we would then determine whether that plain error resulted in a manifest injustice or miscarriage of justice. *State v. White,* 247 S.W.3d 557, 561 (Mo. App. E.D. 2007) (emphasis added).

Defendant bears the burden of demonstrating manifest injustice or miscarriage of justice. *State v. Presberry,* 128 S.W.3d 80, 85 (Mo. App. E.D. 2003). A manifest injustice or miscarriage of justice only exists when the error is outcome determinative. *Id.* "In the absence of an error of this magnitude, no manifest injustice or miscarriage of justice exists." *State v. Campbell,* 122 S.W.3d 736, 740 (Mo. App. S.D. 2004). This burden is much greater than the burden of proving prejudicial error. *State v. Deckard,* 18 S.W.3d 495, 497 (Mo. App. S.D. 2000).

A mistrial is a drastic remedy that properly rests in the discretion of the trial court, which personally observed the complained-of incident that gave rise to the request, *State v. Cuckovich,* 485 S.W.2d 16, 24 (Mo. banc 1972), and it should be granted only when that incident is "so grievous in character that the prejudicial effect cannot be removed in any other way." *State v. Hutchinson*, 582 S.W.2d 350, 352 (Mo. App. E.D. 1979).

Here, every member of the jury was polled by the trial court in regard to the final verdict forms it had submitted to the trial court, and each juror told the trial court that his or her verdict was "guilty" as to assault in the second degree (Count 1) and armed criminal action (Count 2) in conformity with those final written verdict forms. When previous

5

verdict forms submitted by the jury and read aloud by the trial court were *not* in conformity with the jury's intent, jurors did not hesitate to point that out to the trial court.

Defendant has failed to craft a cogent argument as to why the trial court's decision not to poll the jury on a verdict the jury had already explicitly rejected resulted in a manifest injustice or miscarriage of justice and could only be cured by a mistrial. We therefore exercise our discretion to deny plain-error review. The judgment of the trial court is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS